IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:94-CR-143-1-F
No. 5:12-CV-278-F

| | |
|---|---|
| DARICK DEE PITTMAN,<br>     Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>     Respondent. | O R D E R |

On October 8, 1996, a jury was selected but not empaneled for trial upon Darick Dee Pittman's ("Pittman") plea of not guilty to each of Counts One through Five of a Superseding Indictment [DE-26]. Trial was set to begin on October 15, 1996. On October 11, 1996, however, Pittman elected to accept a plea agreement [DE-65] offered by the Government, and on that day the court accepted his guilty plea to Counts Three and Four. Pittman's numerous pending motions were terminated upon his entry of the guilty plea.

After a couple of continuances, Pittman was sentenced on February 18, 1997, to a term of 300 months imprisonment as to Count Three, plus a consecutive 60-month sentence as to Count Four. The sentences were ordered to run consecutively to one existing state sentence, but concurrently with others. See Judgment [DE-77], pp. 2-2.1; [DE-82].[1] Notwithstanding his waiver of his right to appeal, Pittman appealed the Judgment, but the Fourth Circuit Court of Appeals affirmed on February 25, 1998. See [DE-80]. The docket does not indicate whether or not Pittman sought a petition for writ of certiorari with the Supreme Court.

Almost thirteen years after the appellate court affirmed Pittman's conviction and sentence, Pittman initiated his first motion for relief pursuant to § 2255. See Motion [DE-84].

---

[1] The court clarified the sentence in an order entered July 2, 2001 [DE-82].

This matter now is before the court for initial consideration of Pittman's "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-77], filed on or about May 17, 2011.[2] Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

On its face, Pittman's § 2255 motion is untimely and nothing alleged therein suggests any theory on which the court could find otherwise. In the space on the pre-printed § 2255 form for stating: "TIMELINESS OF MOTION: If your judgement of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion," Pittman wrote "N/A." Pittman's § 2255 motion alleges that he received ineffective assistance of counsel because (1) his guilty plea was "unlawfully induced, not made voluntarily, and without understanding the consequences of the plea agreement," and (2) his attorney's deficient performance violated his Sixth Amendment right to effective assistance of counsel and his Fifth Amendment right to due process. He explained, as to the second ground that he asked his lawyer to raise that issue on appeal.

Motions filed pursuant to § 2255 are governed by statutes of limitation. Nothing else appearing – and nothing else appears here – the deadline for filing a § 2255 motion is one year from the date on which the petitioner's conviction became final. *See* § 2255(f)(1). Where, as here, a petitioner has appealed his conviction or sentence, the limitations period begins (a) upon expiration of the time for filing a *certiorari* petition, if the petitioner did *not* petition for *certiorari*; or (b) upon issuance of the Supreme Court's denial of a petition for writ of *certiorari*. *See, e.g., Clay v. United States*, 537 U.S. 522, 527 (2004); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009).

---

[2] Pittman's initial § 2255 motion was unsigned and returned to him by order of this court [DE-86] on May 18, 2012; the signed (but undated) corrected § 2255 motion [DE-88] was file-stamped May 29, 2012. The court affords Pittman the benefit of the earlier date.

The record before the court does not reveal whether Pittman filed a petition for *certiorari*. Even assuming he did, the instant motion still is more than a decade late and no suggestion has been offered why it should be deemed timely. Accordingly, the court finds that "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief" because Pittman's § 2255 motion is untimely. Therefore, the instant motion [DE-84], as corrected by [DE-88], hereby is DISMISSED, and the Clerk of Court is DIRECTED to so notify Pittman.

*Certificate of Appealability Denied*

The court finds that Pittman has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. 2253(c)(2), because reasonable jurists could not debate whether (or agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability, therefore, is DENIED.

SO ORDERED.

This, the 14th day of June, 2012.

James C. Fox
JAMES C. FOX
Senior United States District Judge